BRADY, Justice:
This is an appeal from the Chancery Court of the Second Chancery Court District of Carroll County, Mississippi, wherein the jury returned a verdict against the will and for the contestants. From this verdict and judgment thereon the appellants appeal.
The material facts essential to the disposition of this cause are as follows: On May 6, 1969, Howard C. Briscoe, a son, filed for probate the purported last will and testament in and for the estate of his mother, Mrs. Sallie S. Briscoe, deceased. The petition for its probate showed that the estate consisted of personal and real property in excess of $38,000. It named all the parties to the will, namely, Howard C. Bris-coe, Clarence L. Briscoe, Virgil Briscoe, Luther D. Briscoe and Mrs. Alma Caldwell. Mr. Howard C. Briscoe on the same date filed the executor’s oath and an affidavit of subscribing witnesses to the alleged will. The will waived the execution of a bond. The subscribing witnesses were Rupert Ringold and Cornelia Thompson. The *314 petition was sworn to by affidavit of Howard C. Briscoe, who was the named executor of the estate.
The petition and requisite documents were filed and approved by the chancery clerk and a decree was signed on May 6, 1969, by Ralph Self, Deputy Clerk, for Mina H. Gee, Chancery Clerk. Thereafter, letters testamentary were issued to Howard C. Briscoe.
On October 20, 1969, a petition was filed on behalf of the contesting appellees to have the purported will declared null and void. This petition was filed on behalf of James Upton Briscoe, Renee Briscoe, and Harold Briscoe, the children of Jimmy Lee Briscoe, a son; Joan B. Gross and Patsy Briscoe, the children of Carl Briscoe, a son; and Bobby Austin, the son of Druscilla B. Austin, a daughter. These contestants are the grandchildren of Mrs. Sallie Briscoe and are heirs of her above named children who predeceased the testatrix.
The petition filed on behalf of the ap-pellees charges that on March 16, 1964, the date the will was signed and executed, the said deceased was not of sound and disposing mind; that said purported will was not attested as required by statute; that the contestants herein were disinherited by said deceased by virtue of undue influence upon her by her son, Howard C. Briscoe. Furthermore, the contestants requested that an issue devisavit vel non be made up and tried by a jury on the issue of whether or not the writing propounded was a valid will of the testatrix; and contestants further prayed for general relief. The chancellor ordered that Mrs. Mina H. Gee, Chancery Clerk of Carroll County, replace and act as the executrix of the estate of Mrs. Sallie S. Briscoe in place of Harold C. Briscoe, executor, until further ordered by the court.
On October 21, 1970, the case was tried and submitted to the jury. The jury returned a verdict against the will. It is from this verdict and judgment that the appellants now appeal.
Appellants assign three points of error:
1. The lower court erred in not finding that Mrs. Sallie S. Briscoe was competent to handle her own affairs; that no undue influence was imposed upon her and that the last will and testament of Sallie S. Briscoe was valid.
2. The lower court erred in permitting the reputation of the attorney to be entered on something that occurred after the making of the will; nor could one witness testify accurately to his reputation when she lived some eighteen miles from the town where he lived.
3. The verdict is contrary to the weight of the evidence.
It is obvious that this Court is unable to consider assignments of error one and three for the obvious and conclusive reason that the appellants failed to ask for a judgment notwithstanding the verdict or, in the alternative, for a new trial on the grounds and for the reasons assigned in errors one and three. We would be prone to decide that there was no undue influence shown to have been exerted by Mr. Howard C. Briscoe upon his mother, the testatrix, Mrs. Sallie S. Briscoe, if this question had been properly presented to us. Assuming, but not deciding, that if a motion for judgment non obstante veredicto or, in the alternative, a motion for a new trial had been made, we would likewise be prone to hold that it should have been granted for the reason that the testimony of the appellants’ witnesses together with that of Dr. Herman Powers showed that Mrs. Sallie Briscoe had testamentary capacity at the time she signed and executed the will. These issues, however, are not before this Court at this time for the reason stated.
There is merit in assignment number two for the reason that the admis *315 sion of this evidence was objected to by-counsel representing the appellants and the court had an opportunity to rule thereon and ruled erroneously. The reputation of Mr. Ringold, who prepared and attested the will, was made an issue for consideration by the jury as to his credibility as a witness. It was error for the trial court to permit the jury to take into consideration the suspension of Mr. Ringold’s license to practice, which occurred on November 20, 1968. It is obvious that the question of whether or not Mr. Ringold was a credible witness, as urged by the appellees, was based on the fact that his license to practice law had been suspended. This of itself does not determine per se the competence of Mr. Rupert Ringold to be a witness. We have held that credibility is not the test; that the test is competence. This record lacks sufficient proof upon which the jury could reasonably hold that Mr. Rupert Ringold and his secretary, Mrs. Cornelia Thompson, were not competent attesting witnesses to the signature of the testatrix.
In Wallace v. Harrison, 218 Miss. 153, 65 So.2d 456 (1953), just as in the case at bar, instructions were given to the ap-pellees stating that the will must be attested by two or more credible witnesses. In the case at bar in appellees’ instruction number nine the court instructed the jury that the testatrix had to sign the will in the presence of two or more credible witnesses. The pertinent part of Instruction No. 9 is as follows:
The court instructs the jury for the contestants . . . that she signed the same, as above stated, in the presence of two or more credible witnesses, and that the same was, at the request of the said testatrix, Mrs. Sallie S. Briscoe, deceased, in her presence, attested in writing by two or more credible witnesses, and that the said testatrix was at said time fully informed and knew the entire contents of the said paper, and that she, the said decedent, then and there published and declared the said instrument in the presence of two or more credible witnesses then and there to be her true and original last will and testament, and that she, the said decedent, was then of sound and disposing mind, memory and understanding, and that she, the said decedent, was wholly uninfluenced or in any manner guided or directed about or in or concerning the signing, publication, or securing of any attestation thereof by any person whomsoever; otherwise, the jury cannot return a verdict for the proponent, and under such circumstances the verdict should be in the following form:
“WE, THE JURY, FIND AGAINST THE WILL.”
In Wallace v. Harrison, supra, we stated:
In three of said - instructions the jury was told that it was necessary for the will to be attested by two “credible” witnesses. Although the statute, Sec. 657, Code of 1942, states that a will, not wholly written and subscribed by the testator, must be attested by “two or more credible witnesses”, yet it is well established that what the statute means is that the witnesses must be “competent” rather than “credible”. In King v. King, 161 Miss. 51, 134 So. 827, 830, a similar instruction given to a contestant was held to be fatally erroneous, and the rule was discussed at some length. The gist of the holding is shown by this language from the opinion: “This makes the validity of the will depend upon whether the witness or witnesses who signed it as such were men of truthful reputations or men of truthful character, rather than the fact that they were competent to testify in the court.” (218 Miss. at 162, 65 So.2d at 459.)
In the case at bar Instruction No. 9 three times accentuates the necessity for two “credible” witnesses. The appellees attacked the credibility of Mr. Rupert Ringold by repeatedly showing, over the *316 objection of the appellants, that his license had been suspended because of mental aberrations. It should be remembered that Mr. Ringold’s suspension took place a little over four years subsequent to the preparation and execution of the last will and testament of Mrs. Sallie Briscoe. By no stretch of the imagination could the suspension of the license relate back to March 16, 1964, the day he prepared and witnessed the will of Mrs. Briscoe. Instruction No. 9 is also erroneous and highly prejudicial to the rights of the appellants for the reason that it advised the jury, among other things, as follows:
[T]hat she, the said decedent (testatrix), was wholly unifluenced or in any manner guided or directed about or in or concerning the signing, publication, or securing of any attestation thereof by any person whomsoever; otherwise, the jury cannot return a verdict for the proponent, and under such circumstances the verdict should be in the following form:
“WE, THE JURY, FIND AGAINST THE WILL.”
This instruction was specifically condemned in Ward v. Ward, 124 Miss. 697, 87 So. 153 (1920). The exact language condemned in Ward v. Ward, supra, we find embodied in said Instruction No. 9, to-wit :
[T]he said decedent, was wholly uninfluenced or in any manner guided or directed about or in or concerning the signing, publication, or securing of any attestation thereof by any person whom-sover, otherwise the jury cannot return a verdict for the proponent.
These identical words which are found in Instruction No. 9 in the case at bar were condemned by this Court in Ward v. Ward, supra, wherein we said:
By this instruction the jury were authorized to return a verdict for the contestants if they believed that the testator was in any manner guided or directed about the preparation of his will. In other words, though the will may have expressed the intentions of the testator, yet if he was in any way assisted in its preparation by any one he was thereby unduly influenced. This, of course, is error. A testator has the right to be directed and assisted in the preparation of his will. Oftentimes a lawyer is consulted as to its legal effect and drafts the will. He is entitled to any aid or direction that he may desire. The only requirement' is that the will be that of the testator. It is not the law that a will is void because the testator is partially influenced by any one in the disposition of his property. It is undue influence that vitiates a will. Burnett v. Smith, 93 Miss. 566, 47 South 117; Gathings et al. v. Howard, 122 Miss. 355, 84 South. 240; Scally et al. v. Wardlaw et al., 86 South. 625, 123 Miss. 857. (124 Miss. at 709-710, 87 So. at 155.)
Again the chancellor had the opportunity to pass upon the incorrectness of this instruction which we soundly condemned. The granting of this instruction for the two above mentioned reasons constituted reversible error. Nowhere in the instructions granted to the appellants or to the appellees are these glaring errors attempted to be rectified. Therefore, because of the admission of the prejudicial evidence objected to by the appellants which related to the suspension of attorney Ringold’s license over four years subsequent to the preparation of the will in question and its attestation together with the granting of this highly prejudicial and erroneous instruction, we are required to reverse this case.
The judgment is therefore reversed and remanded.
Reversed and remanded.
GILLESPIE, C. J., and PATTERSON, SMITH and SUGG, JJ., concur.